UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL MARTINEZ,<br><br>                    Plaintiff,<br>    v.<br>PERRY, *et al.*,<br>                    Defendants. | Case No. 3:21-cv-00181-MMD-CLB<br><br>ORDER |

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1.) The matter of the filing fee will be temporarily deferred. The Court now screens Plaintiff's civil rights complaint under 28 U.S.C. § 1915A.

**I.      SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

///

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). "While legal conclusions can provide

the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     SCREENING OF COMPLAINT

In his Complaint, Plaintiff sues Perry and Ingham for events that allegedly took place while Plaintiff was incarcerated in the NDOC. (ECF No. 1-1 at 1.) Plaintiff brings one claim and seeks monetary damages. (*Id.* at 3, 11.)

Plaintiff alleges the following. Plaintiff spoke to caseworker Perry and asked him which prison he was classified to for housing. (*Id.* at 3). Perry told Plaintiff that he was classified to WSCC. (*Id.*) Plaintiff then realized that his tattoos could be misunderstood. (*Id.*) Plaintiff told Perry that he did not want to go to WSCC because of the color of his tattoos and that, for his safety, he should not go anywhere with Southsiders. (*Id.*) Perry said that Plaintiff would be on a "keep separate" and that Plaintiff had nothing to worry about. (*Id.*)

On May 11 2020, Plaintiff was transferred to Stewart Camp. (*Id.*) Plaintiff assumed that he had nothing to worry about because he was on a "keep separate." (*Id.*) At the camp, Plaintiff went to the gym. (*Id.*) An officer named Ingham conducted the reception along with three inmates. (*Id.* at 4-5.) Plaintiff was told to find his race or "people" and to check in with them by giving these people his paperwork. (*Id.*) This was inmate run and

Plaintiff "felt the approval of the race baiting and gang culture by the correctional officers present." (*Id.*) With officer approval, he had nobody that he could report to. (*Id.*)

Plaintiff went to Unit 3, where he immediately was approached at his bunk by Mexican inmates. (*Id.*) They asked about his tattoos and where he was from. (*Id.*) He explained that he was not a gang member, that he wanted no part of them or trouble with them, and that he just wanted to do his time. (*Id.*) They said that was "bullshit" and that they were told that he was coming the night before. (*Id.*) There were at least six men, and Plaintiff had no escape. (*Id.*) They started punching and kicking Plaintiff and beating him with locks. (*Id.*) They also stabbed him with a shank and left him for dead. (*Id.*) After they left, Plaintiff dragged himself to the office where the caseworkers and correctional officers are. (*Id.*) They were not surprised to see that Plaintiff had been attacked and one correctional officer even said, "Damn you lasted 15 minutes." (*Id.*) They did not take the attack seriously and did not look for the knife after learning that Plaintiff had been stabbed. (*Id.*) Plaintiff was transferred back to NNCC Medical and then was taken to the hospital. (*Id.*)

Plaintiff concludes that his Eighth Amendment rights were violated. (*Id.*)

Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were deliberately indifferent to serious threats to the inmate's safety. *See id.* at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837. Prison officials who know of a substantial risk to an inmate's health and safety are liable only if they responded unreasonably to the risk, even if the harm ultimately was not averted. *See Farmer*, 511 U.S. at 844.

///

The Court finds that, liberally construed, the Complaint states a colorable Eighth Amendment claim against Officer Ingham. According to the Complaint, members of a particular gang posed a threat to Plaintiff because of Plaintiff's tattoos. Liberally construing the Complaint for purposes of screening, the Complaint alleges facts that could be sufficient to show that Officer Ingham knew that these persons were a threat to Plaintiff but nevertheless sent Plaintiff to be housed with them. Therefore, this claim may proceed against Defendant Ingham.

However, Plaintiff fails to state a colorable claim against caseworker Perry, who was not at the prison where Plaintiff was attacked. According to the Complaint, Perry said that Plaintiff was on a "keep separate" order and that Plaintiff therefore did not need to worry. Although the keep separate order allegedly was not followed at Stewart Camp, Plaintiff does not allege facts sufficient to show that Perry was responsible for that or knew the keep separate order would not be followed, and he therefore does not allege facts sufficient to show that Perry responded unreasonably and was deliberately indifferent to Plaintiff's safety. Accordingly, the Court dismisses the claim against Perry without prejudice and with leave to amend. If Plaintiff chooses to amend this claim against Perry, he must allege facts sufficient to show that Perry believed that the keep separate order would not be followed at Stewart Camp and that Plaintiff therefore would be in danger, but he nevertheless chose to send Plaintiff there. Conclusory or speculative allegations will not be sufficient. It also will not be sufficient to allege that Perry was negligent.

If Plaintiff chooses to file an amended complaint to cure the deficiencies of his Eighth Amendment claim against Perry, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form, and it must

be entitled "First Amended Complaint." Plaintiff may not amend the complaint to add unrelated claims against other defendants.

The Court notes that, if Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff must file the amended complaint within 30 days from the date of entry of this order. If Plaintiff does not timely file an amended complaint curing the stated deficiencies, this action will proceed only on the Eighth Amendment claim against Ingham.

**III.   CONCLUSION**

It is therefore ordered that a decision on Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is deferred.

The Clerk of the Court is directed to file the Complaint (ECF No. 1-1) and send Plaintiff a courtesy copy of the Complaint.

It is further ordered that the Eighth Amendment claim against Defendant Ingham may proceed.

It is further ordered that the Eighth Amendment claim against Defendant Perry is dismissed without prejudice and with leave to amend.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his Eighth Amendment claim against Perry, as outlined in this order, Plaintiff must file the amended complaint within 30 days from the date of entry of this order.

The Clerk of the Court is further directed to send to Plaintiff the approved form for filing a § 1983 complaint and instructions for the same. If Plaintiff chooses to file an amended complaint, he should use the approved form and he must write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

///

///

///

///

It is further ordered that, if Plaintiff fails to file a timely amended complaint curing the stated deficiencies of his Eighth Amendment claim against Perry, this action will proceed only on the Eighth Amendment claim against Ingham.

DATED THIS 2nd Day of September 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE